IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FRANK BRETT,                          )
                                      )
            Plaintiff,                )
                                      )
    v.                                ) Civ. Action No. 15-1141-GMS
                                      )
FLOYD WHEELER, et al.,                )
                                      )
            Defendants.               )

## MEMORANDUM

The plaintiff, Frank Brett ("Brett"), filed this lawsuit on November 20, 2015.  (D.I. 4.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 6.)  The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Brett, who resides in Philadelphia, Pennsylvania, filed this case under RICO.  He alleges that the defendants have stolen his civil rights, stalked him in ten states, spread lies about him, harassed and threatened him, called him gay and touched him inappropriately in Florida, and lied to Rockford employees.  In addition, he alleges that he was run over by a black Cadillac and suffered injuries.  He seeks one million dollars from each defendants.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.

*Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Brett proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Brett leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed,

2

however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*,809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Brett's conclusory allegations do not meet the pleading requirements of *Iqbal* and *Twombly* and are frivolous. After thoroughly reviewing the complaint, the court draws on its judicial experience and common sense and finds that the allegations are not plausible on their face. Indeed, the complaint consists of fantastical or delusional claims that are clearly baseless and they are insufficient to withstand this court's evaluation for frivolity dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Because the court finds the allegations the complaint wholly lacking in both terms of credibility and rationality, the complaint will be dismissed as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).  In light of the nature of Brett's claims, the court finds that amendment would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

## IV. CONCLUSION

The court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment of the complaint would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____, 2016
Wilmington, Delaware

4